IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02077-M

| | |
|---|---|
| WAYNE PORTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN HECKARD, )<br>)<br>Respondent. ) | ORDER |

This cause is before the court on respondent's motion to dismiss the action for failure to state a claim or, in the alternative, for summary judgment. See Mot. [D.E. 10].

For the reasons discussed below, the court grants respondent's motion and dismisses the action without prejudice.

Procedural History:

On April 5, 2024, Wayne Porter ("petitioner"), a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1] (generally asserting the Federal Bureau of Prisons ("BOP") failed to properly tabulate the Meritorious Good Time ("MGT") he earned from Oct. 1, 1984, to Dec. 21, 2021, and seeking immediate release).

On June 26, 2024, the court allowed the action to proceed. Order [D.E. 6].

On August 5, 2024, respondent filed the instant motion to dismiss the action for failure to state a claim or, in the alternative, for summary judgment, Mot. [D.E. 10], together with a memorandum [D.E. 11], a statement of material facts [D.E. 12], and an appendix [D.E. 13], including the declaration of Correctional Programs Specialist Yvonne Gordon, see Gordon Decl. [D.E. 13-1], and various documents in support, see [D.E. 13-2 to 13-11].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about respondent's motion, the response deadline, and the consequences of failing to respond. See [D.E. 14].

Despite seeking and receiving several extensions of time, see [D.E. 15, 16, 17, 18, 19, 20], petitioner failed to respond and the time to do so has passed.

Statement of Facts:

A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113-D, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); see Fed. R. Civ. P. 56(e)(2).

Respondent's statement of facts cites the underlying evidence, which the court has reviewed, whereas petitioner has not filed any opposing statement of facts.

Respondent states as follows: "On July 2, 1984, Petitioner was sentenced in the United States District Court for the Middle District of Florida, under Case No. 82-70-CR-J-M, to 10 years imprisonment, for multiple counts of conviction." Resp. Stmt. Mat. Facts. [D.E. 12] at ¶1 (citing Resp. App., Gordon Decl., [D.E. 13-1] at ¶3).

"On October 1, 1984, Petitioner was recommended for Meritorious Good Time ('MGT') while housed at the Federal Medical Center in Lexington, Kentucky ('FMC Lexington, or LEX')" and "continued to accrue MGT until November 18, 1985, when he arrived at a separate BOP

2

facility, the Federal Correctional Institution in Ashland, Kentucky ('FCI Ashland, or ASH')." Id. at ¶2 (citing Gordon Decl., [D.E. 13-1] at ¶4).

"On November 6, 1985, Petitioner was sentenced in the United States District Court for the [Western] District of North Carolina under Case No. C-CR-85-62-01 to 75 years of imprisonment, for multiple counts." Id. at ¶3 (citing Gordon Decl., [D.E. 13-1] at ¶5).

"On November 25, 1985, Petitioner was recommended for MGT at FCI Ashland, and continued to accrue MGT until September 6, 1991, when he arrived a different BOP facility, the Federal Correctional Institution McKean, in Lewis Run, Pennsylvania ('FCI McKean, or MCK')." Id. at ¶4 (citing Gordon Decl., [D.E. 13-1] at ¶6).

"On August 15, 1998, Petitioner was recommended for MGT at the Federal Correctional Institution II Lompoc, California ('FCI Lompoc, or LOM') and accrued MGT until September 15, 2004, when he transferred to the United States Penitentiary in Victorville, California ('USP Victorville, or VIP')." Id. at ¶5 (citing Gordon Decl., [D.E. 13-1] at ¶ 7).

"On March 23, 2023, Petitioner was recommended for MGT at the Federal Correctional Institution II in Butner, North Carolina, and has accrued MGT to the present." Id. at ¶6 (citing Gordon Decl., [D.E. 13-1] at ¶8).

"Petitioner has accrued a total of 840 days of Extra Good Time ('EGT') due to his MGT, and has forfeited 37 days of Statutory Good Time ('SGT') due to disciplinary infractions." Id. at ¶7 (citing Gordon Decl., [D.E. 13-1] at ¶9).

"In addition to MGT, Petitioner has a total of 9,161 days of SGT possible toward his release date." Id. at ¶8 (citing Gordon Decl., [D.E. 13-1] at ¶10).

3

"So long as he continues to earn EGT, his projected release date with his future MGT accruals is November 10, 2031." Id. at ¶9 (citing Gordon Decl., [D.E. 13-1] at ¶11).

Petitioner has exhausted a total of sixteen administrative remedies while in BOP custody. Id. at ¶10 (citing Gordon Decl., [D.E. 13-1] at ¶12).

"Remedy ID Nos. 1174002 and 1174142 both appear directly related to Petitioner's MGT calculation and application to his sentence." Id. at ¶11 (citing Gordon Decl., [D.E. 13-1] at ¶13).

"Both remedies have been appealed and closed ('CLO') at the Regional Level, under Remedy ID Nos. 1174002-R2 and No. 1174142-R2." Id. at ¶12 (citing Gordon Decl., [D.E. 13-1] at ¶14).

"A further review reveals Petitioner attempted to exhaust both Regional Remedies at the Central Office Level, but both were rejected and sent back to him for resubmission." Id. at ¶13 (citing Gordon Decl., [D.E. 13-1] at ¶15).

"Remedy ID No. 1174002-A2 was rejected by Central Office for Status Reasons 'RAP' (Did not provide a copy of the BP-10 form from the Region), 'RSA' (May resubmit the appeal in proper form within 15 days of rejection), and 'OTH' (See remarks)," and "Petitioner was directed in the Remarks section to resubmit his Remedy with the Regional BP-10 response." Id. at ¶14 (citing Gordon Decl., [D.E. 13-1] at ¶16).

"Remedy ID No. 1174142-A1 was rejected by Central Office for Status Reason 'OTH' (See remarks), and in the Remarks section, Petitioner was directed to resubmit a completed BP-11 form and provide identifying information at the top of the form." Id. at ¶15 (citing Gordon Decl., [D.E. 13-1] at ¶17).

4

"To date, no other remedy has been received by Central Office that rectifies the issues for each rejection." Id. at ¶16 (citing Gordon Decl., [D.E. 13-1] at ¶18).

Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In reviewing such a motion, the court accepts as true all factual allegations, but need not accept legal conclusions drawn from the facts, Iqbal, 556 U.S. at 678–79, nor "unwarranted inferences, unreasonable conclusions, or arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). The court liberally construes *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), but the facts alleged still "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In

5

making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Respondent argues that petitioner failed to fully exhaust his available administrative remedies as to his instant claims before filing this action. See Resp. Mem. [D.E. 11] at 11–14.

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93. Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a multi-tiered Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. An inmate first seeks informal resolution by filing Form BP-8, and, if unresolved, the inmate

6

must file a formal written "Administrative Remedy Request" (BP-9) within twenty days after the date the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). Within twenty days of the Warden's BP-9 response, an inmate then may file a BP-10 appealing to the Regional Director. 28 C.F.R. § 542.15. Finally, within thirty days of the Regional Director's BP-10 response, the inmate may appeal to the General Counsel by filing a BP-11. Id. If the inmate fails receive a response within these allotted time frames, including extensions of time, the inmate may treat the absence of a response as a denial and then may appeal to the next level. 28 C.F.R. § 542.18.

As noted above, respondent states, and Gordon likewise declares, that petitioner did not fully exhaust his administrative remedies as to his instant claims. See Resp. Stmt. Mat. Facts. [D.E. 12] at ¶¶10–16; Resp. App., Gordon Decl., [D.E. 13-1] at ¶12–18.

To the extent petitioner asserts he completed the appeals process, see Pet. [D.E. 1] at 2 (citing Remedy ID No. 1174142-R2), the record instead supports respondent's statement of material facts and Gordon's declaration that he did not fully exhaust his administrative remedies as to his claims, see Resp. App. [D.E. 13-11] at 9 (reflecting the rejection at the final step of both 1) his Remedy ID No. 1174002-A2, as to "revised sentence computation," for failing to submit a BP-10 response with the BP-11 filing, and 2) his Remedy ID No. 1174142-A1, as to "EGT earnings stopped [sic]," for failing to "provide identifying information at top of BP-11 form").

In short, respondent has demonstrated that petitioner failed to properly and fully exhaust his administrative remedies before filing this action, see Jones, 549 U.S. at 216–17; Woodford, 548 U.S. at 90, 93; Wilcox, 877 F.3d at 167, whereas petitioner fails to show that administrative remedy procedure was unavailable to him within the meaning of Ross v. Blake, 578 U.S. 632, 642 (2016); see Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

7

Petitioner also does not establish the existence of "exceptional circumstances" that would allow for a bypassing of the administrative remedy procedure. Cf. Timms, 627 F.3d at 530–31.

Thus, after considering the evidence and the inferences drawn therefrom in the light most favorable to petitioner, Scott, 550 U.S. at 378, because there is no genuine issue of material fact as to exhaustion, respondent is entitled to summary judgment, see Anderson, 477 U.S. at 247–48.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

For the above reasons, the court: GRANTS respondent's motion [D.E. 10]; DISMISSES WITHOUT PREJUDICE this action due to petitioner's failure to exhaust administrative remedies; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 22d day of November, 2024.

RICHARD E. MYERS II
Chief United States District Judge